# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FERNANDO ARRELLANO-ESPINOZA,<br><br>    Defendants. | Case No. 2:10-cr-00448-LDG-RJJ<br><br><br><br>**ORDER** |

    A criminal indictment was returned against Defendant Fernando Arrellano-Espinoza on September 8, 2010, charging him with Unlawful Reentry of a Deported Alien in violation of 8 U.S.C. § 1326. In May 2009, Defendant admitted to U.S. Immigration and Customs Enforcement that he was a citizen of Mexico, signed a Stipulated Request for Removal and Waiver of Hearing, and was deported without a hearing on May 26, 2009. Defendant has now filed a Motion to Dismiss Based on a Prior Unlawful Deportation (#16, response #17, reply #18).

    A collateral attack on the underlying deportation can succeed where the alien shows that his due process rights were violated in his prior deportation proceeding and that he suffered prejudice as a result of such violation. *United States v. Ramos*, 623 F.3d 680 (9th Cir. 2010); *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1054 (9th Cir. 2003) (citing *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000)). Defendant argues that his due process rights were violated when the immigration judge failed to inform him that he was ostensibly eligible for voluntary departure under 8 U.S.C. § 1229c(a)(1). The duty of the immigration judge to inform an alien of his eligibility for relief is mandatory, and the failure to do so constitutes a violation of the

alien's due process rights. *Id.* (citing *United States v. Muro-Inclan*, 249 F.3d 1180, 1183-84 (9th Cir. 2001)).  The court need not address whether the information given Defendant adequately protected his due process rights in this case, however, because Defendant is unable to demonstrate that he was prejudiced by any such failure.  *See id.*

In order to successfully challenge his deportation order, Defendant must establish that he was prejudiced by the failure of the immigration judge to inform him of the potential for discretionary relief.  *Id.* (citing United States v. Alvarado-Delgado, 98 F.3d 492, 493(9th Cir. 1996) (en banc).  To demonstrate prejudice, Defendant does not need to show that he actually would have been granted relief; instead, he must only show that he had a "plausible" ground for relief.  *United States v. Muro-Inclan*, 249 F.3d 1180, 1183 (9th Cir. 2001).  However, if the defendant is "barred from receiving relief, his claim is not plausible." *United States v. Ramos*, 623 F.3d 672, 684 (9th Cir. 2010) (citation and internal quotations omitted).

Defendant cannot establish that he was prejudiced because his 2007 conviction for assault with a deadly weapon under NRS § 200.471 barred him from relief under 8 U.S.C. § 1229c(a)(1). Assault with a deadly weapon under NRS § 200.471 is a crime of violence, *see* 8 U.S.C. § 1101(a)(43)(F); *Camacho-Cruz v. Holder*, 621 F.3d 941, 943 (9th Cir. 2010), and so precludes relief by voluntary departure, *see* 8 U.S.C. § 1229c(a)(1).  Therefore, because Defendant cannot demonstrate that he was prejudiced by the immigration judge's failure to inform him of the possibility of relief by voluntary departure, his collateral attack on his prior deportation proceeding necessarily fails.  *See United States v. Soto-Castelo*, 621 F. Supp. 2d 1062, 1072-73 (D. Nev. 2008); *see also United States v. Garcia-Gomez*, No. 2:10-cr-00080-RCJ-RJJ, 2010 WL 2776079 (D. Nev. July 14, 2010). Accordingly,

THE COURT HEREBY ADOPTS the magistrate judge's report and recommendation (#19) and ORDERS that Defendant's motion to dismiss (#16) is DENIED.

////

1 | Dated this _____ day of May, 2011.
2
3 | _____
4 | Lloyd D. George
  | United States District Judge
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26